METROPOLITAN BUILDING & LOAN ASSOCIATION, APPELLANT, V. VAN PELT BROS., APPELLEES.

FILED JANUARY 3, 1893.  No. 4634.

1. Promissory Note : FRAUD AND MISREPRESENTATION.  *Held*, That the proof fails to show that the note in suit was executed by the corporation without authority.

2. ———: ———: CONFLICT OF EVIDENCE.  The testimony upon the material questions of fact is conflicting, and the court is not justified in reversing the case.

APPEAL from the district court of Douglas county. Heard below before WAKELEY, J.

*Saunders, Macfarland & Dickey,* for appellant.

*Henry D. Estabrook, contra.*

MAXWELL, CH. J.

This action was brought in the district court of Douglas county to restrain the defendant from disposing of a promissory note for the sum of $1,500, given by the plaintiff and delivered to the defendants, and that said note be delivered up and canceled on the ground that it was obtained by fraud and misrepresentation. In their answer the defendants denied the fraud and misrepresentation and prayed for judgment on the note. There was a reply, which need not be noticed. On the trial of the cause the court found for the defendants and rendered judgment in their favor for the sum of $1,733.25.

The testimony tends to show that in 1887 the defendants were doing business at Des Moines, Iowa; that in January of that year they came to Omaha and entered into a contract with the plaintiff wherein they agreed to remove their paint factory from Des Moines and locate the same in Omaha Heights, an addition to the city of Omaha, owned by the plaintiff. There is testimony tending to show that they promised to use diligence, enterprise, and zeal in carrying on the work; that they would employ a considerable number of hands (the parties do not agree as to the number), and would continue said works in operation for at least five years. In consideration of the foregoing the defendants were to receive certain lots and moneys from the Omaha Heights syndicate, and from the members of the plaintiff association individual notes to the amount of $2,000. The works were removed to Omaha early in 1888, and the defendants commenced to manufacture there in March of that year and have continued to do so until the present time. It is true that it appears that a

corporation has been formed in which the defendants are the principal stockholders, and that this corporation is now conducting the business. In June of that year the note in question was given in lieu of the notes of the members of the plaintiff organization of the amount of $2,000. It is claimed on behalf of the plaintiff that there was no authority to give this note and that it is void. In our view sufficient is shown to establish the authority of the corporation to execute the note, and it is unnecessary to discuss the doctrine of *ultra vires*.

The remaining question is one of fact, viz., as to the number of persons the defendant employed at Des Moines and would employ at Omaha. Upon this point there is a direct conflict in the evidence, and it is impossible for this court to say that the judgment is wrong. There is no material error in the record, and the judgment is

AFFIRMED.

THE other judges concur.